# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| vs. | ) | CAUSE NO. 2:14-CR-72-PPS |
| JAWAN HAYES, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Defendant Jawan Hayes has moved to dismiss the indictment against him on the grounds that the federal felon-in-possession statute is unconstitutional [DE 14]. Hayes has been charged with one count of possessing a firearm in violation of 18 U.S.C. § 922(g)(1), which makes it a crime for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

Hayes, who was convicted of robbery in Lake County, Indiana, is accused of possessing a .380 caliber pistol [DE 1]. Hayes now argues that § 922(g)(1) violates his Second Amendment right to bear arms, exceeds Congress's power under the Commerce Clause, and violates his right to Equal Protection. This is well-trodden ground. Each of Hayes's arguments has been considered and rejected by the Seventh Circuit and so Hayes's motion is **DENIED**.

Hayes first argues that Section 922(g)(1) is unconstitutional, as applied to him and on its face, because the statute infringes on his Second Amendment right to keep

firearms for self-defense. He relies on *District of Columbia v. Heller*, 554 U.S. 570 (2008), which recognized an individual right to keep firearms unconnected with militia service. The problem is that even *Heller* explicitly disclaimed Hayes's argument, stating "nothing in our opinion should cast doubt on the longstanding prohibitions on the possession of firearms by felons . . ." *Heller*, 554 U.S. at 626. The Court then reaffirmed this position in *McDonald v. City of Chicago*, 140 S. Ct. 3020, 3047 (2010).

Closer to home, the Seventh Circuit has explicitly held that § 922(g)(1) is constitutional under facts remarkably similar to the facts of this case. *See U.S. v. Williams*, 616 F.3d 685 (7th Cir. 2010). In *Williams*, the defendant was charged (as in this case) with possessing a firearm after an Indiana robbery conviction. *Id*. at 693. Williams claimed the felon-in-possession statute violated his Second Amendment rights. The Court held that the statute was constitutional. The *Williams* Court applied intermediate scrutiny and found that the government's objective of keeping firearms out of the hands of violent felons was a proper objective and that there was a substantial relationship between that objective and the prohibition on felons possessing firearms. *Id*. at 692-93. *See also U.S. v. Davis*, 406 Fed. App'x 52, 54 (7th Cir. 2010) (describing a challenge to the constitutionality of § 922 as "frivolous" and foreclosed by the Supreme Court's opinion in *McDonald*.). The other Circuits Courts have also been unanimous in upholding the statute's constitutionality. *See Williams*, 616 F.3d at 693 (collecting cases).

Hayes's next argument is that § 922(g)(1) exceeds Congress's power under the Commerce Clause because the mere possession of a firearm that once traveled in

2

interstate commerce does not substantially affect interstate commerce. The Supreme Court held precisely the opposite in *U.S. v. Scarborough*, 431 U.S. 563, 566 (1978), stating the Commerce Clause's interstate commerce nexus requirement was satisfied by proof that the firearm the defendant possessed had previously traveled in interstate commerce. Hayes argues that *Scarborough* has been implicitly overruled by more recent decisions, particularly *U.S. v. Lopez*, 514 U.S. 549 (1995) and *Heller.*

The Seventh Circuit has repeatedly rejected the argument that *Lopez* overruled *Scarborough. See U.S. v. Wesela*, 223 F.3d 656, 660 (7th Cir. 2000) ("[w]e have determined that nothing in *Lopez . . .* casts doubt on the validity of § 922(g)."); *see also U.S. v. Juarez*, 454 F.3d 717, 719 (7th Cir. 2006); *U.S. v. Wilson*, 118 Fed. App'x 974, 976 (7th Cir. 2004); *U.S. v. Vallejo*, 373 F.3d 855, 860 (7th Cir. 2004); *U.S. v. Keller*, 376 F.3d 713, 716-17 (7th Cir. 2004); *U.S. v. Gillaum*, 372 F.3d 848, 862 (7th Cir. 2004). Section 922(g)(1) does not violate the Commerce Clause because it contains a jurisdictional element -"possess in or affecting commerce" - and the Supreme Court has held that the prior movement of the firearm in intestate commerce suffices to meet that element. *Juarez*, 454 F.3d at 719.

With regard to *Heller*, it is not apparent how the Supreme Court's ruling on the Second Amendment affects Congress's power under the Commerce Clause. *Heller* itself certainly doesn't say anything about the Commerce Clause. Though the Seventh Circuit has not explicitly addressed this question, other Circuit Courts have. And all that have considered the question have held that the Court's decision in *Heller* had no effect on the constitutionality of § 922(g) under Congress's Commerce Clause power. *See U.S. v.*

*Rene E.*, 583 F.3d 8, 18 (1st Cir. 2009); *U.S. v. Kline*, 494 F. App'x 323, 325-26 (4th Cir. 2012) *cert. denied*, 133 S. Ct. 963 (2013); *U.S. v. Irish*, 285 F. App'x 326, 327 (8th Cir. 2008); *U.S. v. Parker*, 371 F. App'x 749, 750 (9th Cir. 2010); *U.S. v. Gieswein*, 346 F. App'x 293, 296 (10th Cir. 2009); *U.S. v. Nicoll*, 400 F. App'x 468, 471 (11th Cir. 2010). I agree with these other courts; in the absence of language in *Heller* or any other controlling case indicating that the right to bear arms reduces Commerce Clause federal jurisdiction, there is no basis for me to so rule. *See U.S. v. Schultz*, No. 1:08-CR-75-TS, 2009 WL 35225, at *4 (N.D. Ind. Jan. 5, 2009); *U.S. v. Radencich*, 3:08-CR-48(01)RM, 2009 WL 127648, *3 (N.D. Ind. Jan. 20, 2009).

Hayes next claims that the Tenth Amendment is "implicated" by § 922(g), which I suppose is a roundabout way of saying that the statute violates the Tenth Amendment. If that is what Hayes is arguing, he is wrong. *See Wilson*, 118 Fed. App'x at 976 (holding § 922(g) does not violate the Tenth Amendment because it reflects a valid of exercise of federal power to regulate commerce and does not commandeer States or their officials); *see also U.S. v. Jackubowski*, 63 Fed. App'x 959, 961 (7th Cir. 2003); *U.S. v. Hemmings*, 258 F.3d 587, 594 (7th Cir. 2001); *Gillespie v. City of Indianapolis*, 185 F.3d 693, 706 (7th Cir. 1999).

Finally, Hayes argues that § 922(g)(1) violates the Equal Protection Clause. He argues the law is facially unequal because it relies on diverse state definitions of felony crimes to define the conduct that leads to the loss of the right to possess firearms. The statute also incorporates state restoration schemes which means it inconsistently

4

restores the right to possess firearms, in addition to inconsistently taking away the right. Hayes next argues that the *Heller* decision established a fundamental right to bear arms, meaning statutes restricting or limiting this fundamental right, like § 922(g)(1) must be reviewed under strict scrutiny.

This argument, too, has been foreclosed by the Seventh Circuit. *See U.S. v. Williams*, 616 F.3d 685, 694 (7th 2010) (rejecting defendant's equal protection challenge to § 922(g)(1) based on the incorporation of different state felony definitions); *U.S. v. Skoien*, 614 F.3d 638, 641 (7th Cir. 2010) (*en banc*) ("[t]rue [§ 922] tolerates different outcomes for persons convicted in different states, but this is true of all situations in which a firearms disability (or any other adverse consequence) depends on state law.").

Here's why. The Supreme Court in *Heller* did not establish a fundament right to bear arms, nor did the Court explicitly adopt a level of scrutiny for Second Amendment challenges. Some courts have stuck with rational basis review. *See, e.g.*, *U.S. v. Vongxay*, 594 F.3d 1111, 1119 (9th Cir. 2010). The Seventh Circuit has used intermediate scrutiny to review Second Amendment and Equal Protection challenges to the felon-in-possession statute and similar restrictions on gun ownership. *See Williams*, 616 F.3d at 693 (felon-in-possession statute withstands intermediate scrutiny; *Skoien*, 614 F.3d at 641 (same level of scrutiny for those previously convicted of possessing a gun after being convicted of a violent misdemeanors); *U.S. v. Yancey*, 621 F.3d 681, 683 (7th Cir. 2010) (habitual-drug-user-in-possession statute withstands intermediate scrutiny); *Schultz*, 2009 WL 35225, at *5 (felon-in-possession statute withstands intermediate scrutiny);

5

*Radencich*, 2009 WL 127648, at *4-5 (same). As I noted above, the felon-in-possession statutes passes muster under this level of scrutiny because the government's objective, public safety, is an important one. *See Williams*, 616 F.3d at 693; *Skoien*, 614 F.3d at 642 ("no one doubts that . . . preventing armed mayhem is an important governmental objective"). And the means the government uses - keeping firearms out of the hands of those most likely to commit crimes - is substantially related to the objective. *Williams*, 616 F.3d at 693; *Skoien*, 614 F.3d at 644. Therefore, Hayes's Equal Protection challenge is without merit.

Accordingly, the Defendant's Motion to Dismiss the Indictment [14] is **DENIED.**

**SO ORDERED.**

ENTERED: October 22, 2014     s/ Philip P. Simon
                              PHILIP P. SIMON, CHIEF JUDGE
                              UNITED STATES DISTRICT COURT