**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:14-CR-72-PPS |
| | ) | |
| JAWAN HAYES, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Defendant Jawan Hayes seeks the suppression of a gun seized from his car by a

Hammond police officer. [DE 13]. Hayes was pulled over for driving with an expired

licence plate. While conducting the traffic stop, Officer DeBoer noticed the smell of

burnt marijuana wafting from Hayes's car. Suspecting he would find evidence of drug

use, DeBoer searched Hayes and the car. DeBoer did not find much evidence of drug

use, but he did find a pistol underneath the car's seat, which Hayes — a convicted felon

— was prohibited from possessing. Hayes claims that Officer DeBoer did not have

probable cause to search his vehicle. I held a hearing on the motion on October 14, 2014,

where I heard testimony from Officer DeBoer. After considering the evidence and the

parties' submissions I find that Officer DeBoer had probable cause to search Hayes's

vehicle. Accordingly, Hayes's Motion to Suppress [DE 13] is **DENIED**.

## BACKGROUND

In the early morning hours of June 8, 2014, Officer DeBoer spotted a 1997

Oldsmobile with what looked like an altered license plate. The car, which was being

driven by Defendant Jawan Hayes, had a temporary license plate in the rear window,

and DeBoer noticed that the plate's expiration date looked like it had been changed. DeBoer ran the plate number and discovered that it had indeed expired. At that point, he switched on his overhead lights and attempted to pull Hayes over.

Hayes didn't exactly cooperate. He kept on driving, leading DeBoer on a brief circuitous tour through the City of Hammond — down a couple of alleys and across a few streets before finally pulling over several blocks away. At that point, DeBoer got out and approached Hayes's car. When Hayes rolled down his window, DeBoer detected the scent of burnt marijuana coming from the car.

Notice that I said *burnt* marijuana and not *burning* marijuana. Whether there is a distinction between the two is a point of contention. Hayes admitted to the probation department that he is a daily marijuana user so it is perhaps unsurprising that DeBoer smelled burnt marijuana coming from Hayes's car. [DE 31 at 40]. I asked Officer DeBoer at the hearing whether what he smelled coming from Hayes's car was the musty odor that one might expect to smell from a chronic marijuana user and his car, or was it the smell of fresh smoke from burning marijuana? [DE 31 at 36]. DeBoer testified that there was no difference in his mind between marijuana that is currently burning and the smell of burnt marijuana that is embedded in the fabric of a car or in the user's clothes. *Id.* What is beyond doubt is that DeBoer didn't see anything to indicate that Hayes was actually smoking marijuana at that time he pulled him over. For example, he didn't notice any smoke emanating from the car, nor did he see a joint or rolling papers or anything else to indicate active marijuana use. He just smelled something that

2

indicated that marijuana had been smoked in the car at some point in the past.

After smelling the burnt marijuana, DeBoer asked Hayes to step out of the car. Hayes promptly complied. From here on out, DeBoer testified that Hayes was entirely cooperative and responsive, and did not appear to be intoxicated. [DE 31 at 22]. DeBoer searched Hayes and did not find any drugs or drug paraphernalia. He then placed Hayes in the backseat of the squad car so that he could search the Oldsmobile.

When he searched the car, DeBoer found what looked like tiny flakes of marijuana embedded in the carpet. But besides that, did not find other evidence of drug use. What he did find, however, was a pistol. Hayes is a convicted felon, so, after DeBoer found the pistol, he placed Hayes under arrest for violating the felon-in-possession statute. Hayes argues that the gun should be suppressed because the search was unconstitutional.

**DISCUSSION**

The Fourth Amendment protects individuals from "unreasonable searches and seizures" U.S. Const. Amend. IV. Warrantless searches are *per se* unreasonable under the Fourth Amendment — subject to only a few specifically established and well-delineated exceptions. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). At issue here is the automobile exception. The police do not need a warrant to search a vehicle when they have probable cause to believe it contains evidence of criminal activity. *United States. v. Edwards*, No. 13-3397, 2014 WL 4977492, at *4 (7th Cir. Oct. 3, 2014); *United States v. Nicksion*, 628 F.3d 368, 377 (7th Cir. 2010). Probable cause exists when based on the

known facts and circumstances, a reasonably prudent person would believe that contraband or evidence of a crime will be found in the place to be searched. *United States v. Richards*, 719 F.3d 746, 754 (7th Cir. 2013).

Hayes argues that DeBoer's search of the car was unconstitutional because DeBoer lacked probable cause. The government responds that the search was justified because DeBoer smelled burnt marijuana coming from the car. Hayes doesn't question DeBoer's credibility, and, in any case, I believe DeBoer when he says he smelled burnt marijuana. So this case comes down to whether the smell of burnt marijuana alone provides probable cause to search a car.

It does. "A police officer who smells marijuana coming from a car has probable cause to search that car." *United States v. Franklin*, 547 F.3d 726, 733 (7th Cir. 2008). Hayes argues that DeBoer needed some kind of corroborating evidence, in addition to the odor, to justify the search. He points out that in many cases where the police search a car based on the odor of marijuana, the police had additional reasons supporting a search besides the smell. *See, e.g, id.* (Drug-sniffing dog alerted at the car); *United States v. Mosby*, 541 F.3d 764, 768 (7th Cir. 2008) (Officer noticed bags of marijuana in the car); *United States v. Martin*, 360 F. App'x 686, 688 (7th Cir. 2010) (Officer saw a gun and a green leafy substance on the driver's shirt). Here, Officer DeBoer did not notice this kind of corroborating evidence prior to the search. Hayes did not appear to be high. He did not have marijuana on him, nor did he have any paraphernalia associated with marijuana use such as rolling papers. Hayes didn't even have a lighter.

Still, Officer DeBoer had probable cause to search the car. The Seventh Circuit caselaw is unequivocal. "The smell [of marijuana] alone was enough to give rise to probable cause to search the entire vehicle. *Mosby*, 541 F.3d at 768; *see also United States v. Wilson*, 355 F. App'x 49, 50 (7th Cir. 2009) ("a burnt marijuana smell would provide sufficient probable cause for an immediate search"); *United States v. Williams*, 285 F. App'x 284, 287 (7th Cir. 2008) ("Officer Shelton . . . . detected the odor of marijuana almost immediately. That was enough to supply probable cause to arrest Williams and search his truck"); *United States v. Cherry*, 436 F.3d 769, 772 (7th Cir. 2006) ("Officer Harris's testimony that he smelled marijuana . . . seems a simple and compelling foundation for searching Cherry and ultimately the car including the trunk.).

What's more, DeBoer did have *some* corroborating evidence suggesting Hayes was up to no good. After DeBoer flipped on his overhead lights, Hayes wasn't exactly compliant. He led DeBoer on a brief chase through the alleys and streets of Hammond before finally pulling over. Hayes's evasiveness did not furnish probable cause by itself, but it did strengthen the probable cause provided by the marijuana smell. *See Williams*, 285 F. App'x at 287 ("Williams's decision to flee did nothing but reinforce the probable cause to arrest that the police already had [after police smelled marijuana coming from the car].").

Hayes has one more argument that I alluded to above in my questioning of DeBoer at the hearing. He concedes that the smell of recently-smoked marijuana might provide probable cause for a search, but argues that the residual smell of marijuana

5

smoke — perhaps days old — does not. Since DeBoer could not tell from the odor whether Hayes had been smoking marijuana recently, he did not have probable cause for the search.

The reasoning is straightforward. Probable cause requires a fair probability that evidence of a crime will be found *at the time of the search*. *See, e.g., Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). If a car smells like a passenger just lit up, the officer is likely to find drugs. But if the car just has a lingering marijuana smell from past use, the likelihood of the officer finding marijuana *right then* is lower. The former odor is evidence of ongoing drug use while the latter is just evidence of past drug use. The argument is that evidence of past drug use, by itself, does not provide probable cause to conduct a search. *See, e.g., People v. Hilber*, 403 Mich. 312, 325-26 (Mich. 1978) ("Evidence of a person's past use of marijuana would not alone furnish probable cause to stop him on the street and search him for marijuana . . . [s]imilarly it is not reasonable to infer present marijuana use, or to conduct a search for it, on the basis of past use of marijuana evidenced solely by a residual odor of marijuana. ") *abrogated by People v. Kazmierczak*, 461 Mich. 411 (Mich. 2000).

The government claims that the distinction between the odor of recently-smoked marijuana and past marijuana use is irrelevant. And as noted above, Officer DeBoer seemed to suggest that the distinction is an impossible one to make. I am not sure that I agree with the officer. Granted, Officer DeBoer has an expertise in this area that I don't, but commonsense tells me there is a difference between smoke embedded in the clothes

and car seats of a chronic marijuana user, on the one hand, and active marijuana smoke on the other. For example, the smell of a cigarette smoker's house or car or clothes is appreciably different from the smell of a lit cigarette. Back in the days when smoking was permitted in bars and restaurants, after spending a night out, the foul smell of musty cigarette smoke on one's clothes was decidedly different than the smell of a burning cigarette. I don't see why it would be different with marijuana. And while there is some probability that a person who smokes so much pot that their car or clothing reeks of it will have marijuana on him at any given time, the probability is obviously less than if the person smells like they just lit up. I am also troubled by the possibility that, as more states decriminalize or legalize marijuana use, law abiding users will be subjected to frequent searches because their clothing or hair will carry the residual odor of marijuana and thereby provide police with probable cause for a search at any time.

Perhaps the distinction between the smell of past marijuana use and current use is too thin to make — if it can be made at all. But if a sensible line can be drawn between the two, I am not the one to draw it. As I've pointed out, the Seventh Circuit is adamant that the smell of burnt marijuana provides probable cause to search a car. They have not made any distinction between the smell of recently-smoked marijuana and a residual odor. Nor has any other circuit court, as far as my research has revealed. Moreover, as the government points out, the Supreme Court was hostile to this kind of distinction when the argument was raised in context of canine searches. *See Florida v. Harris*, 133 S. Ct. 1050 (2013). Hayes has not come forward with a case supporting his position, and

7

the only one that I have been able to find, the 1970's Michigan case cited earlier, has

since been abrogated by the Michigan Supreme Court. Given the clear, unambiguous

precedent establishing that the smell of burnt marijuana provides probable cause to

search a vehicle, I have no choice but to deny Hayes's motion.

Accordingly, the Defendant's Motion to Suppress [13] is **DENIED.**

**SO ORDERED.**

ENTERED: November 5, 2014    s/ Philip P. Simon
                                           PHILIP P. SIMON, CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT